## The Northern Lumber Company, Appellant, *v.* Weingartner.

*Sales—Sales by description—Sales Act of 1915, P. L. 543, section 47—Affidavit of defense—Sufficiency.*

In an action of assumpsit for the price of a carload of lumber, an affidavit of defense is sufficient which avers that the lumber was sold by description, that it had been unloaded by defendant for the purpose of inspection, and that it differed materially from the grade mentioned in the contract, and had therefore been rejected.

Where goods are sold by description and without previous examination, the vendee will not be deemed to have accepted them until he has had a reasonable opportunity to examine them to ascertain whether they conform with the contract of sale.

Argued April 18, 1923. Appeal, No. 99, April T., 1923, by plaintiff, from order of C. P. Lawrence Co., March T., 1922, No. 24, discharging rule for judgment for want of a sufficient affidavit of defense, in the case of The Northern Lumber Company v. George T. Weingartner. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

## 560 THE NORTHERN LUMBER CO. v. WEINGARTNER.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.

Assumpsit for breach of contract. Before EMERY, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*J. Norman Martin,* of *Martin and Martin,* and with him *S. B. Mitchell* and *W. J. Uber,* for appellant.

*Robert K. Aiken,* and with him *Clyde Gibson* and *J. Roy Mercer,* for appellee.

OPINION BY LINN, J., July 12, 1923:

This appeal is from the refusal of judgment for want of a sufficient affidavit of defense. Plaintiff sued for the price of lumber sold by description and alleged to have been delivered. The affidavit admits the purchase but asserts the lumber shipped did not comply with the description in that it was not surfaced on two sides and that it was "not No. 2 hemlock, but was a lower and inferior grade of lumber, much of it rotten, wind shaken, split, not marketable, and unfit for use." The lumber was purchased for delivery f. o. b. New Castle at prevailing freight rates. It is alleged that when it reached there it was unloaded at the plant of the Citizens Lumber Company for inspection and that it was found not to comply with the description, and that plaintiff was so notified. Pursuant to that notice, defendant avers, plaintiff's authorized agent Kepner—the agent who made the sale—"came to New Castle and inspected said lumber and agreed that the lumber was not No. 2 hemlock and was not the lumber so ordered and purchased......" It is averred that thereupon defendant refused to receive it and that the plaintiff was so notified. The case is not complicated by exhibit C to the statement—a letter

dated May 5th, sent by defendant to plaintiff stating that the car was reported in the yards at New Castle and was turned over to the Citizens Lumber Company who "will settle with you for same," as the car was not placed for delivery until May 24, 1920, when the matters relied on in defense were discovered.

As the lumber was sold by description and without previous examination, defendant was not deemed to have accepted it until he had reasonable opportunity of examining it to ascertain whether it conformed with the contract: section 47 of the Sales Act of 1915, P. L. 543, 556; Gobey v. Wallace, 48 Pa. Superior Ct. 61, 65. The prompt unloading for inspection, therefore, did not of itself operate as acceptance of the lumber; if it was not what was sold, it remained plaintiff's and at its disposal; after notifying plaintiff that it was rejected, defendant was not bound to do anything with it; if he establishes the defense averred, plaintiff is in default and is not entitled to recover.

Appeal dismissed at cost of appellant without prejudice, etc.